**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62096-CIV-DAMIAN**

**MAIKEL MARKS-SERRANO,**

Petitioner,

v.

**CARLOS R. NUNEZ,** *et al.*,

Respondents.

________________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner, Maikel Marks-Serrano's ("Petitioner"), Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Petition"), filed on July 30, 2026. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 4] on August 12, 2026. [ECF No. 6 ("Response")]. Petitioner did not file a Reply.

THE COURT has reviewed the Petition, the Response, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

## I. BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in the parties' submissions. *See generally* Pet., Resp.

In brief, Petitioner is a citizen of Cuba who is currently detained by Immigration and Customs Enforcement ("ICE") at Broward Transitional Center. Pet. at 5. He entered the United States near Eagle Pass, Texas, on September 25, 2021, expressed a fear of return to Cuba, and was released on Form I-220A. *Id.* at 4. Petitioner has a pending asylum application and a pending application for adjustment of status under the Cuban Adjustment Act. *Id.* at 7.

On March 13, 2026, Petitioner was stopped by police in Miami and charged with operating a motor vehicle with an expired driver's license, and ICE assumed custody of Petitioner in connection with that arrest. *Id.*

On July 10, 2026, a bond hearing was held before an Immigration Judge ("IJ"). Petitioner included a transcript of the bond hearing as an exhibit to the Petition. [ECF No. 1-2 ("Bond Hearing Transcript").

At the bond hearing, the IJ made a determination of no bond. The IJ Order states that bond was denied because

> First, Respondent has not met his burden in establishing that he is NOT a DTC/Public Safety Risk given that Respondent has had over 8 separate traffic stops [. . . .]
> Alternatively, applying the 9 factors set forth in Matter of Guerra, the Court finds that the negative factors (entered US unlawfully; Respondent has had several encounters with law enforcement (see above); and, Respondent failed to comply with Court Orders resulting in his Driver's License being suspended) cause the Court to find it outweighs the positive factors (Respondent has been supporting his family, fixed address (see lease), and pending applications for relief). see Matter of Guerra.

[ECF No. 1-3 ("IJ Order")]. Petitioner alleges the IJ gave no weight to Petitioner's family ties, fixed address, years of compliance with ICE supervision, pending applications for relief from removal, employment history, or standing as a religious leader in South Florida. Pet. at 9. Petitioner also alleges that all the traffic cases have been closed and there is only one outstanding administrative fine of $433.00 due by next year. *Id.*

In the Petition before this Court, Petitioner argues, generally, that his bond hearing was constitutionally deficient because it did not comport with due process. Respondents, on the other hand, argue that the issues raised in the Petition fall squarely within the Immigration and Nationality Act's ("INA") provision stripping district courts of jurisdiction to review discretionary judgments under Section 1226. As stated above, Petitioner did not file a Reply.

*See* ECF No. 4 at 3 (permitting Petitioner to file a Reply within five days of the date the Response is filed).

## II. DISCUSSION

Because Petitioner's challenge to his detention is, at bottom, a critique of the IJ's weighing of evidence at his bond hearing, this Court agrees with Respondents that it lacks authority to overturn the bond decision or provide Petitioner the relief he seeks. Section 1226's jurisdiction-stripping provision reads:

> The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). This provision strips federal courts of authority to review "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [a noncitizen's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (quotations omitted); *see also Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) (Bloom, J.) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]"). Petitioner's usual remedy for alleged errors by an immigration judge in a bond denial is to appeal that decision to the Board of Immigration Appeals pursuant to the normal appellate procedures.

This Court acknowledges that in some fact-specific instances, subjecting a noncitizen to a sufficiently deficient immigration bond hearing may create a constitutional deprivation that evades the Section 1226(e) bar. *See, e.g.*, *Castillo v. Field Office Dir.*, No. 25-25296-CV, 2025 WL 4689387, at *5-6 (S.D Fla. Dec. 19, 2025) (Williams, J.) (finding bond hearing process inadequate because IJ considered DHS's counsel's allegations without any supporting evidence and considered evidence of danger that came in through "a vague, unsworn hearsay

statement," plus the IJ admitted he did not have time to review the material that had been filed or prepare); *Lopez v. Paulk*, No. 26-cv-00029, 2026 WL 961948, --- F. Supp. 3d --- (M.D. Ga. 2026) (finding bond hearing was constitutionally suspect where the IJ did not address any facts or individual circumstances specific to that petitioner); *D.Y.E.H. v. Warden, Irwin Det. Ctr.*, No. 25-cv-201, 2026 WL 1230386, at *5 (M.D. Ga. Apr. 6, 2026) (concluding that bond decision based on flight risk did not comport with due process because DHS presented no evidence from which flight risk could be adduced and the topic of flight risk was not discussed at all during the hearing); *Rubio v. Hardin*, 2026 WL 1390984, at *2 (M.D. Fla. May 19, 2026) (finding that petitioner was deprived of an individualized bond hearing because the IJ explicitly refused to review the petitioner's extensive evidentiary record).

However, the record before this Court does not show that the IJ failed to give Petitioner adequate process due under the U.S. Constitution or failed in any other way to deprive Petitioner of process in such a way that this Court may have jurisdiction. Rather, the record reflects that the IJ referenced the correct legal standard, *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006), and gave specific reasons for the conclusion that Petitioner is a safety risk: specifically, that had eight traffic stops in the past three years; alternatively, the IJ concluded that the negative flight risk factors outweighed the positive factors. *See* IJ Order. Petitioner's allegation that the IJ failed to consider positive factors is incorrect, as these positive factors are directly cited in the IJ Order. *Id.* ("Respondent has been supporting his family, fixed address (see lease), and pending applications for relief"). A review of the transcript reveals that the IJ permitted Petitioner to present two live witnesses at the bond hearing and that the IJ specifically addressed the positive and negative factors weighing on risk of flight and the bond decision. *See generally* ECF No. 1-2.

Because Petitioner's July 10, 2026 bond hearing was not constitutionally infirm and Petitioner is challenging the discretionary judgment of the IJ, this Court concludes that its hands are tied by the section 1226(e) bar, and it will not interfere with the IJ's ruling. *See Villanueva v. Guthrie*, No. 26-cv-1294-KCD-NPM, 2026 WL 1379033 (M.D. Fla. May 18, 2026) (denying petition due to section 1226(e) bar where the petitioner "attempts to dress up his disagreement with the immigration judge's weighing of the evidence as a constitutional claim").

## III. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **DENIED.** This case shall be **CLOSED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 24th day of August, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record